UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN – MILWAUKEE DIVISION

ROBYN MEATHENEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ART'S PERFORMING CENTER, LLC dba SILK EXOTIC ON WATER, a Wisconsin Limited Liability Corporation; DOWNTOWN JUNEAU INVESTMENTS, LLC dba SILK EXOTIC ON WATER, a Wisconsin Limited Liability Corporation; SCOTT KRAHN, an individual; LYLE MESSINGER, an individual, and DOES 1 through 10, inclusive,

    Defendants.

Case No.: 2:21-cv-00683-PP

**COLLECTIVE ACTION**

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' RETALIATORY COUNTERCLAIMS**

## I.  INTRODUCTION

Plaintiffs Robyn Meatheney and Lanikiquia Taylor[1] (collectively, "Plaintiffs") are former exotic dancers at defendants Art's Performing Center, LLC dba Silk Exotic on Water, Downtown Juneau Investments, LLC dba Silk Exotic on Water, Scott Krahn ("Defendant" or "Krahn"), and Lyle Messinger's ("Defendant" or "Messinger") (collectively, "Defendants") gentlemen's club, Silk Exotic on the Water aka Silk Exotic, who bring this action seeking damages due to Defendants

---

[1]    Plaintiff Lanikiquia Taylor joined this matter as a plaintiff on June 3, 2021. *See* Dkt. 2.

evading the mandatory minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 201, et seq., illegally absconding with Plaintiffs' tips and demanding illegal kickbacks including in the form of "house fees." Plaintiffs were denied wage payments as part of Defendants' scheme to misclassify Plaintiffs and other dancers/entertainers at Silk Exotic as "independent contractors." Specifically, Plaintiffs allege that Krahn and Messinger were joint employers, and that, as such, could be held individually liable.

Based on the foregoing, and as explained more fully herein, the Court must grant Plaintiffs' Motion to Dismiss Defendants' Counterclaims because—as explained in greater detail below—courts throughout this country, including within the Seventh Circuit, have repeatedly found that retaliatory counterclaims to Fair Labor Standards Act ("FLSA") lawsuits are impermissible as a matter of law. Furthermore, the mere filing of the retaliatory counterclaim actions open the counterclaimants to further FLSA claims, permitting not just the recovery of economic damages, but general damages as well.

Should Defendants refuse to withdraw its retaliatory counterclaims or the Court not dismiss the Counterclaim, Plaintiff will seek leave to amend their Complaint pursuant to Fed. R. Civ. P. 15 to include an actionable claim under 29 U.S.C. § 215.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff Meatheney filed her Complaint on June 2, 2021. *See* Dkt. 1. The next day, Plaintiff Taylor filed her Consent and opted in to this matter as a plaintiff. *See* Dkt. 2. After being served, Defendants filed three motions to dismiss on several grounds, which Plaintiffs opposed. *See* Dkts. 13, 16, 17, and 20–21. On March 29, 2022, the Court issued an Order denying Defendants' Motion to Dismiss Lyle Messinger and All Claims from 2018, Denying Defendants' Motion to Dismiss Proceedings, and Granting Defendants' Motion to Compel Arbitration and Staying Litigation as to Plaintiff's Claims Against Defendants Arts Performing Center, and Downtown Juneau Investments. *See* Dkt. 31. In this matter, Messinger and Krahn remain.

On April 15, 2022, Defendants filed their Answer, Affirmative Defenses, and Counterclaim alleging the following counterclaims: (1) Breach of Contract – Offset Damages; and (2) Unjust

Enrichment – Offset Damages. *See* Dkt. 32. On April 27, 2022, Krahn and Messinger filed Motions for Summary Judgment without any discovery being done and without a Fed. R. Civ. P. 26 conference being held by counsel. *See* Dkts. 33 and 37. In addition, as of the date of this drafting, no Rule 26 plan has been filed with the Court as an extension was granted to May 9, 2022. *See* Dkt. 41.

### III. ARGUMENT

#### A. DEFENDANTS' COUNTERCLAIMS MUST BE DISMISSED AS THEY ARE RETALIATORY AND ARE PRECLUDED AS A MATTER OF LAW

Defendants' counterclaims are a clear effort to retaliate against Plaintiffs and any opt-in plaintiff who joins this matter. In *Espenchied v. Directsat USA LLC*, No. 09-cv-625-bbc, 2010 WL 2671585 (W.D. Wis. June 30, 2010), in response to the plaintiffs' FLSA claims the defendants filed counterclaims against only those plaintiffs who opted into the FLSA claim, alleging that the plaintiffs had falsified their payroll records, resulting in the payment of higher wages than the plaintiffs were entitled to receive. The dismissed the counterclaims because there was some evidence suggesting that the counterclaims were filed to discourage participation in the wage claim; and because regardless of whether the defendants had an actual retaliatory intent, exercising jurisdiction over the counterclaim would have the effect of discouraging participation in the wage claim. *Id.* at *5–6..

Federal courts find it impermissible and improper to "permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes . . . or for damages the employee's tortious conduct allegedly caused." *Ramirez v. Amazing Home Contractors, Inc.*, No. JKB 14-2168, 2014 WL 6845555, at *4 (D. Md. Nov. 25, 2014) (quoting *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010)); *see also Yassa v. EM Consulting Grp., Inc.*, 261 F.Supp.3d 564, 566 (D. Md. 2017). In *Martin,* the Fifth Circuit reversed the trial court's dismissal, holding that counterclaims seeking damages or set offs against recovery in FLSA cases are not permitted unless the money being set-off can be considered wages that the employer pre-

BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE     PAGE 3
DEFENDANTS' AFFIRMATIVE DEFENSES
Case 2:21-cv-00683-PP   Filed 05/06/22   Page 3 of 12   Document 45

paid to the employee. Courts have routinely found that the only purpose served by these counterclaims is to retaliate against the employee who brings forth their FLSA suit.

The very absence of a nexus between the claim and counterclaim puts on full display the counterclaims' retaliatory purpose and nature. There is *no logical relationship* between the claim and counterclaim other than the suggestion of the employer-employee relationship between the parties. Defendants' counterclaims will not require, or even remotely encompass the presentation of the same evidence. That alone is insufficient by itself to make the proposed counterclaims compulsory, and further shows their retaliatory purpose. Therefore, the counterclaims only act to retaliate against Plaintiffs for pursuing their federal statutory rights against Defendants.

An FLSA claim is intended to bring an employer "into compliance with the Act by enforcing a public right," and "[t]o permit [the employer] in such a proceeding to try [its] private claims, real or imagined, against [its] employees would delay and even subvert the whole process." *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983). Courts further note that, "[g]enerally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin.*, 628 F.3d at 740. Here, Defendants seek to permit the very same type of retaliatory counterclaims that the federal courts have routinely disallowed. Defendants' counterclaims are retaliatory in both purpose and nature. The absence of a logical nexus between the Complaint and counterclaims puts its retaliatory purpose on full display and, thus, requires that the Court strike Defendants' counterclaims.

### B. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COUNTERCLAIMS

Rule 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the

allegations in the complaint are true." *Id.*; *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946 (emphasis in original). To determine subject matter jurisdiction, the court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir.1993)). The burden of proof for a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

This court has jurisdiction over Plaintiffs' FLSA claims pursuant to federal-question jurisdiction under 28 U.S.C. § 1331. Defendants' counterclaims, however, arise under state law. In determining whether jurisdiction exists over counterclaims, the majority of courts decide first whether the counterclaim is permissive or compulsory within the definition of Rule 13. Wright, Miller & Kane, Federal Practice & Procedure, § 1414, at 116–17 (2010); *e.g., Markbreiter v. Barry L. Feinberg, M.D., P.C.*, No. 09 Civ. 5573 (LAK), 2010 WL 334887, *1–2 (S.D.N.Y. Jan. 29, 2010); *Goings v. Advanced Systems, Inc. v. Suncoast*, No. 8:08-cv-1110-T-33TGW, 2008 WL 4195889, *2–3 (M.D. Fla. Sept.12, 2008); *Willams v. Long*, 558 F.Supp.2d 601, 603 (D.Md. 2008). If the counterclaim is compulsory under Rule 13, courts usually conclude that it falls under the purview of the supplemental jurisdiction statute, 28 U.S.C. § 1367, and that they should exercise jurisdiction over it because the counterclaim-plaintiff may otherwise lose the opportunity to be heard on that claim. *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n. 1 (1974); *see also Zambrana v. Geminis Envios Corp.*, No. 08-20546-CIV, 2008 WL 2397624, *3, n. 2. (S.D. Fla. June 10, 2008). However, if the counterclaim is merely permissive, it does not fall within the scope of supplemental jurisdiction and must have an independent basis for jurisdiction. Wright, Miller &

Kane, § 1422, at 202; e.*g., Cortes v. Distribuidora Monterrey Corp.*, No. 3:08-CV-1077-M, 2008 WL 5203719, *1–2 (N.D. Tex. Dec.11, 2008) (citing *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1359–60 (5th Cir.1979).

However, the Court of Appeals for the Seventh Circuit has instructed district courts to apply 28 U.S.C. § 1367 to determine whether they have jurisdiction over counterclaims, regardless whether the counterclaims are compulsory or permissive. *Channell v. Citicorp National Services, Inc.*, 89 F.3d 379, 384–386 (7th Cir.1996); *Rothman v. Emory University*, 123 F.3d 446, 454 (7th Cir.1997); *Leipzig v. AIG Life Insurance Co.*, 362 F.3d 406, 410 (7th Cir.2004) (dictum); *Spaulding Moving & Storage, Inc. v. National Forwarding Co., Inc.*, No. 07 C 4095, 2008 WL 781929, *2 (N.D. Ill. Mar. 20, 2008). 28 U.S.C. § 1367(a) provides that:

> (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *Channell*, 89 F.3d at 386; *Murphy v. Florida Keys Electric Cooperative Association, Inc.*, 329 F.3d 1311, 1320 (11th Cir.2003) (affirming district court's dismissal of counterclaims under 28 U.S.C. § 1367(c)(3)); *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir.1998) (same); *Robledo v. City of Chicago*, 252 F.R.D. 639, 641 (N.D. Ill. 2008) (dismissing counterclaims under § 1367(c)(2) and (4)); *Sparrow v. Mazda American Credit*, 385 F.Supp.2d 1063, 1070–71 (E.D. Cal. 2005) (dismissing counterclaim under § 1367(c)(4)); Wright, Miller & Kane, Federal Practice & Procedure, vol. 6, ch. 4, § 1414, at 118–119 (2010) ("[U]nder the supplemental-jurisdiction statute the court has discretion to decline jurisdiction in certain circumstances, such as if the counterclaim substantially predominates over the main claim."). Two of these exceptions apply in this case.

First, Defendants' counterclaims will substantially predominate over Plaintiffs' wage claims. 28 U.S.C. § 1367(c)(2). The wage claims will be resolved by deciding the number of hours worked by the Plaintiffs, whether the Plaintiffs are entitled to compensation for the hours worked,

and whether the Plaintiffs have already been paid for the hours they worked. The state counterclaims, on the other hand, will be resolved by deciding a completely different set of issues including how much, if anything, were Plaintiffs paid for dances, what records, if any Defendants have, whether Defendants met the requirements for offset, what contract Defendants claimed Plaintiffs breached, and what damages, if any, Defendants are permitted. Defendants' claims are <u>wholly irrelevant</u> and require development of facts and theories that are factually distinct from the question of whether Plaintiffs were entitled to wages owed under their FLSA claims. The counterclaims are only brought forth as a means to retaliate against Plaintiffs for bringing forth their lawful FLSA claims and for asserting their federal statutory rights.

Further, Defendants' counterclaims are analogous to the claims alleged in the *Fernandez* case, which have previously been held *not to be part of the same case or controversy* as FLSA claims. *Fernandez v. Xpress Painting Corp.*, No. 12–21738–CIV–MORENO, 2012 WL 3562255 (S.D. Fla. Aug. 16, 2012) (determining the court had no jurisdiction over counterclaims for breach of contract and unjust enrichment in a FLSA case). Defendants will attempt to present evidence and witness testimony on facts significantly different from the evidence Plaintiff will present in support of their FLSA claims. While Plaintiffs will be submitting evidence of proof of their status as an employee and wages they are owed pursuant to the FLSA, Defendants will be presenting evidence of the contracts and breaches thereof pursuant to state law.

As stated earlier, Plaintiffs' claims and Defendants' counterclaims will not require the presentation of the same evidence. The Complaint suggests that Plaintiffs' evidence would consist of testimony and records that reflect the hours worked and the compensation she received. In contrast, Defendants would rely on evidence regarding the customers that Plaintiffs allegedly solicited, records related to the business' revenue, accounting for such revenue and testimony. The same evidence will not refute or support Plaintiffs' claims and Defendants' counterclaims. A wage claim and a counterclaim do not arise from a common nucleus of operative facts, when their only connection is the litigating parties' employment relationship. *Villareal v. El Chile Inc.*, 601 F.Supp.2d 1011, 1018 (N.D. Ill. 2010); *Strom v. Strom Closures Inc.*, No. 06 C 7051, 2008 WL

489363 (N.D. Ill. Feb. 20, 2008) (Counterclaims for various torts unrelated to the payment of minimum wages, which is the subject of the FLSA claim, even though both the FLSA claim and the tort counterclaims arose out of the parties' employment relationship); *see also Ramirez*, 2014 WL 6845555, at *4 (In an FLSA, MWHL, and MWPCL action, dismissal required of the defendants' permissive counterclaim for fraud that lacked an independent basis for federal jurisdiction); *Carroll v. Dan Rainville & Assocs., Inc.*, Civ. No. SAG 17-849, 2014 WL 4777706, at *3 (D.Md. Oct. 23, 2007) (In an FLSA, MWHL, MWPCL suit, applying the *Painter* test required court to dismiss the defendants' breach of contract and other state law tort counterclaims related to alleged interference with the defendants' business due to their lack of compulsory nature); *Sigala, et al.*, *v. ABR of Va., Inc.*, Civ No. GJH 15-1779, 2016 WL 1643759, at *4 (D.Md. Apr. 21, 2016) (in an FLSA, MWHL, MWPCL case, dismissal required of the defendants' counterclaims of fraud and property theft that did not "arise out of the same transaction or occurrence as the plaintiff's claims"); *Williams*, 558 F.Supp.2d at 606 (In an FLSA, MWHL, MWPCL matter, application of the *Painter* test required court to dismiss the defendants' counterclaims for breach of contract, breach of fiduciary duty, and invasion of privacy as permissive).

Considering the vast disparity between the Plaintiffs' claims and Defendants' counterclaims, the only function of the Counterclaims is to serve as a retaliatory act to chill Plaintiffs' suit and must be stricken as the Court lacks subject matter jurisdiction over Defendants' counterclaims.

This case presents precise the exceptional circumstances where jurisdiction should be declined. Permitting employers to file counterclaims, which has the effect of encouraging employees to stop enforcing (i.e. effectively waive) their rights under wage collection laws, is inconsistent with the FLSA, under which the employees' right to receive the full amount of wages required by law is non-waivable. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (the employees' right to wages under the FLSA is not waivable); *Spoerle v. Kraft Foods Global*, 630 F. 3d 427, 430 (7th Cir. 2010) (Wisconsin law requires that a contract be ignored, to

the extent it requires wages lower than those required by state law); Wis. Stat. § 109.03(5) (no agreement between the employer and employee can waive the employee's right to receive the full amount of wages due and owing to him).

Finally, as the court held in *Slaughter v. Alpha Drugs LLC*, 907 F.Supp.2d 50, 54 (D.D.C. 2013), it would be inconsistent with the FLSA to authorize the filing of a counterclaim, which will result in the plaintiffs receiving for their wage claim less than the minimum wages required by law. *See also Heder v. City of Two Rivers*, 295 F. 3d 777, 783 (7th Cir. 2002) (an employer cannot rely on employee's contractual obligation to repay training costs to justify paying to employees less than the minimum wages required by law). It would be inconsistent with the FLSA to authorize Defendants to file counterclaims, which will result in the Plaintiffs receiving less than the full amount of wages due and owing on their wage claims. Just like in *Slaughter*, this exceptional circumstance further supports the Court declining to exercise supplemental jurisdiction over Defendants' counterclaims.

### C. THE COURT SHOULD DISMISS THE COUNTERCLAIMS AS THEY ARE IMPERMISSIBLE SETOFFS

Defendants' counterclaims all request damages and/or monies be paid as damages by Plaintiffs to Defendants. As such, each counterclaim constitutes an impermissible set-off. *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Nelson v. CK Nelson, Inc.*, No. 07-61416-CIV, 2008 WL 2323892, at *3 (S.D. Fla. Jun. 2, 2008).

Defendants' counterclaims seek damages, costs, interest, and attorneys' fees. Such damages, if allowed to be claimed against Plaintiffs' claims under the FLSA for payment of minimum wages and overtime wages would certainly cause Plaintiffs to receive less than the FLSA allows for minimum wages. This type of counterclaim is impermissible under the *Brennan* case, as explained above.

Each counterclaim would require that damages be assessed, as way of retaliation, against Plaintiffs such that Plaintiffs may receive less than the minimum wage and overtime wages they

have alleged they are owed pursuant to the FLSA. If retaliatory damages are assessed, Plaintiffs would seek leave to amend the Complaint to include claims and damages as a result of Defendants' retaliation. Defendants' counterclaims are impermissible set-offs and must be dismissed.

### D. THE COURT SHOULD DISMISS THE COUNTERCLAIMS AS DEFENDANTS FAILED TO MEET THE REQUISITE PLEADING STANDARDS

To survive a motion to dismiss brought under Rule 12(b)(6), the complaint must contain sufficient factual matter that, if presumed to be true, states a claim for relief that is plausible on its face. The complaint must include sufficient factual content to permit the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. It is not sufficient for the complaint to only plead facts that are consistent with the Defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Threadbare recitals of the elements of a cause of action, when not supported by additional well-pled factual allegations, are not sufficient to plead a plausible claim for relief. *Id.*; *Minn-Chem, Inc. v. Agrium Inc.*, 657 F. 3d 650, 661 (7th Cir. 2011) (complaint allegation that the defendant conspired to coordinate and fix prices at inflated and anti-competitive levels merely recites the elements of a claim under the Sherman Act, and cannot survive a motion to dismiss).

Defendants' counterclaims fail to meet the requisite pleading standards as their counterclaims merely duplicate their denials of Plaintiffs' allegations and state, in a conclusory fashion, that Defendants are entitled to dance fees Plaintiffs may have earned. Defendants fail to state what contract, if any, upon which they allege their breach of contract claim, when was it signed, by whom, what the provisions of the contract were. Most importantly, Defendants fail to specify what provisions, if any, in the contracts were breached by Plaintiffs. For their unjust enrichment claim, Defendants claim that Defendants detrimentally relied on Plaintiffs' conduct, but rather, it was Plaintiffs who relied on Defendants, as business owners and employers, to comply with state and federal laws. Defendants cannot pass the buck to Plaintiffs for actions and decisions Defendants themselves took for their own financial gain.

## IV. RELIEF REQUESTED

Plaintiffs hereby request that the Court grant Plaintiffs' Motion and dismiss Defendants' counterclaims with prejudice.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiffs' Motion in its entirety.

Dated: May 6, 2022

Respectfully submitted,

/s/ John P. Kristensen
John P. Kristensen
California Bar No. 224132
**Carpenter & Zuckerman**
8827 W. Olympic Boulevard
Beverly Hills, CA 90211
Telephone: (310) 273-1230
*kristensen@cz.law*

Jay Urban
Wisconsin Bar No. 1018098
**Urban & Taylor S.C.**
Urban Taylor Law Building
4701 N. Port Washington Rd.
Milwaukee, Wisconsin 53212
Telephone: 414-906-1700
*jurban@wisconsininjury.com*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I certify that on Friday, May 06, 2022, the foregoing document titled **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' RETALIATORY COUNTERCLAIMS** was served via CM/ECF upon the following parties pursuant to Fed. R. Civ. P. 5:

| | |
|---|---|
| Jeff Scott Olson<br>**JEFF SCOTT OLSON LAW FIRM SC**<br>131 W Wilson Street, Suite 1200<br>Madison, Wisconsin 53703<br>Email: jsolson@scofflaww.com | Jay A. Urban<br>**URBAN & TAYLOR SC**<br>4701 N Port Washington Rd - Ste 400<br>Milwaukee, WI 53212-1040<br>Email: jurban@wisconsininjury.com |
| *Counsel for Defendants* | *Co-counsel for Plaintiffs* |

                                                */s/ John P. Kristensen*
                                                John P. Kristensen