UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBYN MEATHENEY,

    Plaintiff,

  v.

Case No. 21-cv-683-pp

ARTS PERFORMING CENTER, LLC,
DOWNTOWN JUNEAU INVESTMENTS, LLC
*d/b/a Silk Exotic on Water*
and SCOTT KRAHN,

    Defendants.

## ORDER DENYING DEFENDANT KRAHN'S MOTION FOR ECONSIDERATION (DKT. NO. 52)

On June 2, 2021, the plaintiff filed a complaint on behalf of herself and others similarly situated, alleging violations of the Fair Labor Standards Act related to her employment with the defendants. Dkt. No. 1. The complaint asserts (1) failure to pay minimum wage, (2) failure to pay overtime wages, (3) illegal kickbacks, (4) unlawful taking of tips and (5) forced tipping. Id. at 16–23. On July 15, 2021, all of the defendants filed a motion to dismiss and to compel the plaintiff to submit to individualized arbitration. Dkt. No. 16.

On March 29, 2022, the court issued an order denying the defendants' motion to dismiss but granting their motion to compel arbitration. Dkt. No. 31. Under 9 U.S.C. §3, the court stayed the litigation, but only as to the plaintiff's claims against the corporate defendants, Art's Performing Center and Downtown Juneau Investments. Id. at 29. The court found that the defendants had provided no evidence that individual defendants Lyle Messinger or Scott

1

Krahn were parties to the entertainment lease or the arbitration agreement. Id. The court stated that "[i]f the parties believe that the court should stay the proceedings on the plaintiff's claims against Messinger and Krahn, they may file a motion or stipulation requesting a stay and explaining why the court should grant that request." Id. at 30.

On June 23, 2022, defendants Krahn and Messinger filed a motion asking the court to reconsider its March 29 ruling requiring them to remain parties in the lawsuit. Dkt. No. 52. On August 12, 2022, the parties stipulated to dismissal of defendant Messinger with prejudice. Dkt. No. 65. Defendant Krahn continues to seek enforcement of the arbitration agreement through this motion and asserts the stay should apply to him. Dkt. No. 64 at 1, n.1. Because the motion is improperly brought as a motion for reconsideration and defendant Krahn has not met his burden under Rule 60(b), the court will deny the motion to reconsider.

**I.    Standard**

"[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Lewis, No. 17-cr-191, 2019 WL 3068310, at *1 (E.D. Wis. July 11, 2019) (quoting United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at 2 (E.D. Wis. Apr. 19, 2010)). "Rather, [s]uch motions are properly brought pursuant to Rule 59(e) or Rule 60(b)." Austin v. Comm'r of Soc. Sec. Admin., No. 16–CV–1296, 2018 WL 2271032, at *1 (E.D. Wis. May 17, 2018) (alteration in original) (quotation omitted). The defendants label their motion as one for reconsideration, but do not articulate under which Federal Rule they bring the motion. See Civil Local Rule 7(a) (E.D. Wis.) ("Every motion must state the statute or rule pursuant to which it is made . . . ."). Nevertheless, the Seventh Circuit has explained "that the important question

for categorizing these motions is their timing." Carter v. City of Alton, 922 F.3d 824, 826 n.1 (7th Cir. 2019) (citing Lac Du Flambeau Band of Lake Superior Chippewa Indians v. State of Wis., 957 F.2d 515, 517 (7th Cir. 1992)).

Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted). "When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion." Banks v. Chi. Bd. of Educ., 750 F.3d 663, 666 (7th Cir. 2014) (citations omitted). See also United States v. Bishop, 854 F. App'x 77, 77 (7th Cir. 2021) ("In civil cases, an untimely request for reconsideration can be treated as a motion under Fed. R. Civ. P. 60(b)."); Williams v. Illinois, 737 F.3d 473, 475 (7th Cir. 2013) (referring to the Seventh Circuit's establishment of this "bright-line rule" for "any motion for reconsideration filed after the deadline"). The court entered its order on March 29, 2022. Dkt. No. 31. Defendant Krahn filed his motion for reconsideration on June 23, 2022, eighty-six days after the court's order. Dkt. No. 52. Therefore, the court must analyze the motion for reconsideration under Rule 60(b).

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party" from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b)(6) provides a catchall" that "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Kemp v. United States, 142 S. Ct. 1856, 1861 (2022). "Although Rules 59(e) and 60(b) have similar goals, Rule 60(b) motions are generally subject to a higher threshold of proof." Tartt v. Nw. Cmty. Hosp., 79 F. App'x 219, 221 (7th Cir. 2003). "Rule 60(b) relief is an 'extraordinary remedy' granted only in 'exceptional circumstances.'" In re Cook Med., Inc., 27 F.4th 539, 542 (7th Cir. 2022) (quoting Eskridge v. Cook Cty., 577 F.3d 806, 808 (7th Cir. 2009)).

## II. Analysis

Defendant Krahn seeks reconsideration only of the portion of the court's March 29, 2022 order that declined to stay the case against him and compel the plaintiff's claims against him to be arbitrated. Dkt. No. 52. Specifically, he asserts that the court erred in compelling only the corporate defendants to arbitration and requiring defendant Krahn to remain a party in the lawsuit. Id. Krahn does not identify a statute or rule under which he brings this motion, but rather quotes case law on motions to reconsider in general: "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Id. at 1–2 (citing Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) and Rothwell Cotton Co. v. Rosenthal Co., 827 F.2d 246, 251 (7th Cir. 1987)).

Krahn clarifies in his reply brief in support of the motion to reconsider that his "motion is based solely on manifest error of law." Dkt. No. 64 at 2.

4

Krahn asserts that "the terms of the arbitration agreement require that the determination of who is to be referred to arbitration be made by the arbitrator, not the Court" and that "principles of agency and equitable estoppel require the individual Defendants to be referred to arbitration along with the corporate Defendants." Id. at 1–2. The Supreme Court recently has confirmed that "a 'mistake' under Rule 60(b)(1) includes a judge's errors of law" and that "Rule 60(b)(1) covers all mistakes of law made by a judge . . . ." Kemp, 142 S. Ct. at 1861–62 (2022). See also Blitch v. United States, 39 F.4th 827, 834 (7th Cir. 2022) (same, citing Kemp). The court will construe Krahn's motion as a motion under Rule 60(b)(1).

The court did not, however, make the "manifest error of law" Krahn describes in his motion to reconsider. In its March 29 order, the court concluded that it could not grant the defendants' motion to compel arbitration as to the individual defendants (at the time, Messinger and Krahn) because the defendants had not demonstrated that the individual defendants were parties to or bound by the lease or the arbitration agreement: "The defendants have provided no evidence that Lyle Messinger or Scott Krahn were parties to the entertainment lease or the arbitration agreement." Dkt. No. 31 at 29. The court gave Krahn an opportunity to clarify: "If the parties believe that the court should stay the proceedings on the plaintiff's claims against Messinger and Krahn, they may file a motion or stipulation requesting a stay and explaining why the court should grant that request." Id. at 30. Rather than doing either, Krahn waited almost three months, then asked the court to reconsider its decision. But the motion to reconsider does not address the issue the court identified in its March 29 order—the fact that he was not a signatory to the entertainment lease or the arbitration agreement.

5

Krahn first asserts that the plaintiff did not object to compelling arbitration for all defendants, nothing that in her brief opposing the motion to dismiss, the plaintiff had stated: "In the event the Court does not dismiss the Motion, *Meatheney is willing to submit her claims to arbitration . . . .*" Dkt. No. 52 at 2 (emphasis in original) (quoting Dkt. No. 21 at 3). Krahn argues that, "[h]aving failed to make the argument in her response brief that arbitration should be compelled only as to the signatories to the arbitration agreement, the Plaintiff has forfeited it." Id. at 3. He asserts that because "this was an issue on which the Plaintiff bore the burden of proof . . . Plaintiff's failure to object to the Defendants who were nonsignatories enforcing the arbitration agreement should be taken as conclusive." Id. (citing Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000)).

It is true "that the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Randolph, 531 U.S. at 91. But "the general rule is that non-signatories are not bound to arbitration agreements" and the court "will enforce an arbitration agreement against a non-signatory if the party seeking to compel arbitration can show that an exception to this general rule applies." A.D. v. Credit One Bank, N.A., 885 F.3d 1054, 1060 (7th Cir. 2018) (citing Zurich Am. Ins. Co. v. Watts Indus., Inc., 417 F.3d 682, 687 (7th Cir. 2005)). The party seeking to compel arbitration bears the burden of demonstrating that one of five limited exceptions (assumption, agency, estoppel, veil piercing or incorporation by reference) applies. Id. at 1059–60. The defendants provided no evidence that Krahn was party to the entertainment lease or the arbitration agreement. Dkt. No. 31 at 29. See Dkt. No. 17-1 at 6 (entertainment lease); Dkt. No. 17-2 at 4–5 (arbitration agreement). Krahn now concedes that he was not a signatory to the

6

arbitration agreement. Dkt. No. 52 at 7. That means that the defendants—the parties seeking to compel arbitration—bore the burden of proving that one of those five exceptions applied as to Krahn. Not only did they not meet this burden, but the defendants did not address this issue at all.

In the instant motion to reconsider, Krahn attempts to remedy that failure; he argues that the agency and equitable estoppel exceptions apply. Id. at 9. But a motion for reconsideration is not the proper vehicle for raising arguments that Krahn could have raised in the motion to dismiss; "Rule 60 motions do not permit litigants to raise new arguments or evidence . . . ." Rock Hemp Corp. v. Dunn, 51 F.4th 693, 705 (7th Cir. 2022).

Krahn also argues that the arbitration agreement—the one to which he concedes he is not a party—provides that only the arbitrator can decide the arbitrability of claims, disputes or controversies, and asserts that this means that this court should not have decided the question of whether he could seek to compel arbitration. Dkt. No. 52 at 4 (citing Dkt. No. 17-2 at 2, ¶3). The language of the arbitration agreement does not support this assertion. The language Krahn quotes from paragraph 3 of the arbitration agreement provides that the arbitrator, not a court, "shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable . . . ." Id. The fact that Krahn is not a signatory to that agreement is not a dispute relating to the interpretation, applicability, enforceability or formation of the arbitration agreement. Paragraph 1 of the agreement describes "claims, disputes or controversies" as those "between the Company or Others or any of the other entertainers with whom Company does business, on the one hand, and Entertainer on the other

7

hand . . . ." Dkt. No. 17-2 at 1, ¶1. The opening paragraph of the agreement defines "Company" as Arts Performing Center, LLC, d/b/a Silk Exotic on Water, and "Entertainer" as the plaintiff. Id. at page 1. It defines "Others" as "individuals and companies employed by and/or related to the Company, whose signatures are affixed below . . . ." Id. Krahn's signature is not "affixed below;" the signatures of Jon Ferraro, Craig Ploetz, Perry Wil, Kyle Zubke, Harold E. Nelson, III and someone whose name appears to start with the letter "C.", signing for Downtown Juneau Investments, LLC. Id. at 5. So a dispute between the plaintiff and Kahn is not one of the "claims, disputes or controversies" covered by the arbitration agreement and reserved solely to the arbitrator.

Krahn asserts, however, that "[a] non-signatory's attempt to invoke arbitration is 'an issue that pertains directly to the . . . existence, scope or validity' of the arbitration agreement and, therefore, is reserved for the arbitrator." Dkt. No. 52 at 5. The cases he cites, however, are not binding on this court; he cites cases from the First, Sixth and Eight Circuits and from district courts in Minnesota, Texas and Ohio. Id. at 5-6. The Seventh Circuit appears to view the matter differently; in Sosa v. Onfido, Inc., 8 F.4th 631 (7th Cir. 2021), the Seventh Circuit reviewed a district court's denial of a non-signatory's motion to compel arbitration and affirmed it. The Sosa court affirmed the principle that "[a] nonsignatory to a contract typically has no right to invoke an arbitration provision contained in that contract," id. at 639 (citation omitted), and acknowledged the exceptions to the rule. It then addressed whether the nonsignatory "has a right to enforce the arbitration provision in [the contract] under any of these doctrines." Id.

8

Neither the arbitration agreement nor Seventh Circuit law prohibit the court from determining whether a non-signatory such as Krahn may compel arbitration. Had Krahn acknowledged in the motion to dismiss that he is not a signatory to the arbitration agreement but argued that exceptions applied, the court would have considered those arguments. He did not do so, and his attempt to belatedly raise those arguments in a motion to reconsider filed months after the court issued its decision is improper. The court will deny the motion.

### III. Case Status

About a month after the court issued its order compelling arbitration as to the two corporate defendants, Krahn filed a motion for summary judgment. Dkt. No. 33. A week or so later, the plaintiff filed a motion asking the court to strike Krahn's (and, at the time, Messinger's) affirmative defenses, dkt. no. 42, and a motion asking the court to dismiss their "retaliatory" counterclaims, dkt. no. 44. As the parties were in the process of briefing these motions (as well as a motion for summary judgment filed by Messinger), Krahn and Messinger filed this motion to reconsider. Dkt. No. 52. One of the opt-in plaintiffs has resolved her case. Dkt. No. 67. This court has taken too long to decide this motion to reconsider; it has stayed discovery pending its ruling, as requested by Krahn. Dkt. No. 75. But the parties have expended significant time and resources in litigating Krahn's case, even as the plaintiff (and opt-in plaintiff Burris) and the corporate defendants have been engaged in arbitration.

While the court has denied Krahn's Rule 60 motion, it is unclear why the plaintiff so objects to arbitrating her dispute with Krahn; as Krahn points out, at the time she filed her opposition to the motion to dismiss and compel arbitration, she appears to have been amenable to the general notion of

9

submitting all the defendants' claims to arbitration if the court were to consider the motion. See Dkt. No. 21 at 3 ("In the event the Court does not dismiss the Motion, [the plaintiff] is willing to submit her claims to arbitration, however, the agreement contains an unlawful cost-shifting provision that would potentially require [the plaintiff] to reimburse Defendants' costs.") The plaintiff has been engaged in arbitration with the corporate defendants; Krahn is not a party to the arbitration agreement that contains the cost-shifting provision.

That said, it is up to the plaintiff to decide whether to continue the litigation against Krahn when her claims against the other defendants are being resolved through arbitration. The court will schedule a telephonic status conference with the plaintiff, the opt-in plaintiff and Krahn, to discuss the status of discovery, a schedule for completing the briefing of Krahn's summary judgment motion (Dkt. No. 33) and the plaintiff's motions to strike Krahn's affirmative defenses and counterclaims (Dkt. Nos. 42, 44).

## IV. Conclusion

The court **DENIES** defendant Krahn's motion for reconsideration. Dkt. No. 52.

The court **ORDERS** that the parties must appear for a telephonic status conference on **April 20, 2023 at 2:30 PM**. The parties must appear by calling the court's conference line at 888-557-8511 and entering access code 4893665#.

Dated in Milwaukee, Wisconsin this 10th day of March, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**